

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*Honli DeWayne Hale*

**Signed April 22, 2009**                                                          **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHARON LAVERNE STARKS | § | CASE NO. 08-70547 |
| | § | |
| | § | |
| Debtor. | § | |

<u>AGREED ORDER CONDITIONING AUTOMATIC STAY</u>

BEFORE ME came to be considered the motion of secured creditor WALTER

MORTGAGE COMPANY ("Movant") to lift the stay as it pertains to a certain home and

associated real property herein ("Property" ) located at 1519 New Haven Road

Wichita Falls, TX 76306  and  with a legal description of  , and announced to the Court that an

agreement had been reached providing for the continuation of the automatic stay and the Court

finds that the following should be approved.

IT IS ORDERED, ADJUDGED AND AGREED that Debtor shall pay the arrearage of

$3,477.00,  plus reasonable attorneys' fees in the amount of $400.00 and court costs in the

amount of $150.00 for a total of $4,027.00. This amount shall be paid through the debtors

Chapter 13 bankruptcy Plan. Debtors shall file an amended Chapter 13 Plan to accommodate this

payment within 30 days of the date of this order or within 30 days of the TRCC or the stay shall

lift without further notice or hearing before this court.

IT IS FURTHER ORDERED, ADJUDGED AND AGREED Movant shall file an

amended Proof of Claim reflecting the new amount to be paid as arrearages under the Chapter 13

Plan and Movant shall not be entitled to receive payment on such claim until an amended proof

of claim has been filed.

IT IS FURTHER ORDERED, ADJUDGED AND AGREED that effective with the May,

2009 payment, Debtor agrees to make direct payments to Movant in a timely fashion; should the

Debtor fail in making their payments, Movant will notify Debtor of such default by certified,

return receipt requested mail and by regular mail, with a copy to Debtor's attorney by regular

mail; Debtor shall then have ten days within which to cure the default.  No more than two such

default notices shall be allowed.  Should any default not be cured within the ten day period, the

Stay shall lift automatically without the need further notice, hearing or order before this Court.

Upon the need for a third such notice, the stay shall lift automatically without the need for further

notice, hearing, or order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay

against enforcement of the lien against the said Property shall continue, conditioned upon the

Debtor maintaining physical damage insurance coverage on the aforesaid Property, with Movant

shown as the first lienholder and receiving notice of such insurance; the periods of such

insurance shall be for no less than six months at a time and shall continue in full force and effect

until the sum owed to Movant is paid in full.  Debtor agrees to provide Movant with a copy of

the insurance policy showing Movant as the lienholder/loss payee on the above referenced

Property within ten days from the date of this Order.  If said proof is not provided within the ten day period, the stay shall lift immediately without further notice or hearing before this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that should Debtor fail to maintain such insurance coverage in the future, Movant shall notify Debtor of such default by certified, return receipt requested and regular mail, with a copy to Debtor' attorney by regular mail.  Debtor shall have ten days after date of such notice to cure the default; failure to do so allows the Stay to be lifted immediately thereafter and Movant shall be allowed to foreclose on said real property.  Only two such notices of default shall be allowed.  This includes any notice of default required for nonpayment as provided for in the third paragraph of this Order.  Upon the need for a third such notice, this Stay shall lift automatically without further need for notice or hearing before this Court.

IT IS FURTHER ORDERED, ADJUDGED AND AGREED that, in the event Movant exercises its rights sell or otherwise liquidate the subject Property pursuant to this Order or any subsequent Order for Relief from Stay, Movant shall file an amended Proof of Claim within 90 days after the sale of the Property, for any deficiency balance remaining and such balance is to be treated and paid as an unsecured claim under the existing Confirmed Plan, if any.  Movant maintains this right in the event that this case should convert to a subsequent chapter.

###

APPROVED AS TO FORM AND SUBSTANCE:

GLAST, PHILLIPS & MURRAY, P.C.

By /s/ Sidney H. Scheinberg
SIDNEY H. SCHEINBERG
State Bar No. 17736620
13355 Noel Road, L.B. 48
2200 One Galleria Tower
Dallas, TX 75240-6657
Telephone (972)419-7177 Fax 972 419-8329
ATTORNEYS FOR CREDITOR
WALTER MORTGAGE COMPANY


By/s/ Monte J. White
MONTE J. WHITE
1106 Brook Avenue
Wichita Falls, TX 76301
(940)723-0099; Fax (940)723-0096
ATTORNEYS FOR DEBTORS